Pearson, J.
One of the purposes of the writ of ceHiorari is to answer as a substitute for an appeal. As tlie regular mode of taking cases up from a lower to a higher tribunal is by appeal, the writ of certiorari does not lie unless the party gives an explanation, or excuse, for not having appealed; otherwise the substitute would supersede the principal.
If a party prays an appeal, and the Court refuses to allow" it, or if he is unable, after praying an appeal, to give security, in such cases the certiorari is granted as “ a matter of course.”
But where an appeal is not prayed for, the certiorari is not a matter of course, and "the Court will exercise a discretion in regard to the application. In such cases the allegations of the petition must account for the fact that an appeal had not been prayed for, and there must be an affidavit of merits to satisfy the Court that the petitioner would have prayed an appeal had he been preseilt when judgment was rendered, and that tlie appeal would not have been taken for the purpose of delay, but because he believed he had a good defense.
The allegations accounting for the fact that no appeal ivas prayed for must be proven, but in, regard to the affidavits of merits, no proof is required ; for, as is said in reference to an application for the re-probate of a will, Etheridge v. Corprew, decided at this term (ante 14) “ the Court cannot be expected to try a question, in order to see whether it ought to be submitted to a jury for trial.” So, this averment must rest upon the affidavit of the party that he believes he has merits, setting out the facts %bpon which his belief is founded.
This distinction and these general conclusions are sustained by many cases in our reports, all of which are referred'to in the Digests.
*106 In our case, tlie allegations accounting for the fact that an appeal had not been prayed for are full and satisfactory, and the proofs sustain these allegations. We have no doubt that the petitioner left Court and went home under the belief that, as the matter was referred to arbitration, no judgment would be taken at that term. We are also satisfied, that the actings and doings of the plaintiff in procuring the signatures of two of the arbitrators to a statement which he had made out, purporting to show the balance due “upon the concurrent statement of both parties,” and in taking judgment upon the basis thereof, were in direct contravention of the agreement; so, there is a full and satisfactory explanation of the fact that no appeal was prayed for.
The affidavit of merits avers that the petitioner believes he has a good defense, and the matters set out as the ground of his belief show that he has, at least, probable ground, and support the conclusion that if he had been present, he would have prayed for an appeal; not for the purpose of delay, but because he wished to insist upon his defense to the action.
Upon the plaintiff’s own showing, (although not now at liberty to decide the question) we may say there is much reason to doubt whether he can maintain an action at law, and whether his remedy is not by a bill in Equity, for a settlement of the several copartnerships in which the parties were interchangeably concerned.
The account stated by the plaintiff, upon which he took judgment (omitting the names of the firms) sets out a debt contracted by Jere. Nixon, Moses A. Bledsoe and Tlieophilus IT. Snow, with Jere. Nixon and Moses A. Bledsoe. So that three persons contract a debt with two of themselves; in other ■words, a man contracts a debt with himself. This cannot be. According to the principles of the common law, such dealings require the intervention of a Court of Equity to do complete justice. If the original contract be not valid at law, of course an action cannot be maintained by a survivor of two against *107 a survivor of the three, although they happen to be different individuals. There is no error.
Per Curiam.
Judgment affirmed.